**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3592
_____

SYLVESTER MARTIN,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa No. 1-13-cv-00203)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: April 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

Sylvester Martin, a federal prisoner, appeals from the District Court's orders

dismissing his complaint and denying reconsideration.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Martin alleges that, while he was incarcerated at USP-Canaan in June of 2011, he and other inmates contracted salmonella after the prison served them tainted chicken. He filed suit pro se naming the United States as the sole defendant and asserting a claim under the Federal Tort Claims Act ("FTCA"). He also asserted constitutional claims based on his medical care and the denial of his access to the courts and interference with his ability to submit grievances.

The Government filed a motion to dismiss arguing that Martin failed to exhaust his administrative remedies as required by the FTCA, see 28 U.S.C. § 2675(a), and it attached a declaration stating that the Bureau of Prisons has no record of Martin having submitted an administrative claim. The Government also argued that Martin failed to state constitutional claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because liability under Bivens extends only to individual governmental officials (none of whom Martin had named) and not to the United States itself. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994).

A Magistrate Judge entered an order notifying the parties that he would treat the Government's motion as one for summary judgment and directing Martin to file a response by January 3, 2014. The order also advised Martin that, if he failed to respond, the Government's motion could be granted as unopposed. Martin did not file a response by the deadline. Shortly thereafter, the Magistrate Judge issued a report and recommended that the District Court grant the Government's motion. The Magistrate

Judge concluded that Martin's complaint should be dismissed for his failure to file a response, but he also concluded that the complaint should be dismissed on the merits for the reasons argued by the Government.

Martin had mailed to the District Court a motion for an extension of time to respond before the Magistrate Judge issued his report, but the District Court did not receive and docket it until shortly thereafter. Martin sought more time to respond because he had been transferred to a different facility. The District Court construed the motion as a motion for an extension of time to file objections to the Magistrate Judge's report and granted Martin approximately five weeks to object. Martin later filed another motion for an extension on the basis of another transfer, and the District Court granted that request as well and gave Martin over two more months.

Martin instead filed yet another motion for an extension based on yet another prison transfer. He filed that motion more than four months after his response to the Government's motion initially was due and more than three months after his initial extended deadline to file objections to the Magistrate Judge's report. Martin's 26-page motion raised various arguments on the merits, attached various items of evidence, and otherwise belied his continuing assertion that conditions in prison prevented him from filing a substantive response. The District Court denied Martin's request for an additional extension, adopted the Magistrate Judge's recommendation, and dismissed

Martin's complaint. Martin filed two motions for reconsideration, and the District Court denied those motions as well. Martin appeals.[1]

## II.

We previously directed the parties to brief the following two issues: "[1] whether, in light of Martin's pro se prisoner status, the District Court's dismissal under Local Rule 7.6 and for failure to prosecute was appropriate . . ., and [2] whether Martin should have been granted leave to amend his complaint to name individual defendants with respect to his constitutional claims." Martin, however, has not addressed these issues. To the contrary, his brief consists almost entirely of arguments addressed to the constitutionality of his criminal conviction, which has no bearing on his claims.[2]

---

[1] Martin's notice of appeal mentions only the District Court's initial order denying reconsideration, but the Government concedes that it brings up for review the underlying dismissal order as well and we will liberally construe it to do so. We have jurisdiction under 28 U.S.C § 1291. We exercise plenary review over the grant of a motion to dismiss. See Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). To the extent that the District Court's ruling may constitute the functional equivalent of the entry of summary judgment, we exercise plenary review as well. See Byrd v. Shannon, 715 F.3d 117, 127 n.4 (3d Cir. 2013). We review the denial of reconsideration for abuse of discretion. See Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).

[2] We affirmed Martin's conviction and his 276-month prison sentence at United States v. Martin, 311 F. App'x 517 (3d Cir. 2008). Martin collaterally challenged his sentence under 28 U.S.C. § 2255, but the District Court denied his § 2255 motion in 2010 and Martin did not appeal. (M.D. Pa. Crim. No. 1-03-cr-00360-001, ECF No. 299.) Martin requested immediate release from prison in the complaint at issue here, but he did not assert any actual claim in that regard and no such claim would have been proper. Martin's brief also asserts substantive claims unrelated to those that he presented to the District Court. We will not consider claims presented for the first time on appeal.

4

We nevertheless have reviewed the District Court's rulings, and we will affirm its dismissal on the merits for the reasons that it and the Magistrate Judge explained. First, we agree that Martin has failed to exhaust his salmonella-related FTCA claim. The Government has submitted evidence that Martin never exhausted such a claim, and Martin has not rebutted that evidence. To the contrary, some of the evidence that Martin submitted confirms his failure to exhaust. (ECF No. 39 at 15.)

Second, we agree that Martin has failed to state a <u>Bivens</u> claim. Martin named only the United States as a defendant, and liability under <u>Bivens</u> extends only to individual governmental officials. See <u>FDIC</u>, 510 U.S. at 484-85. Despite being on notice of this issue since the Government moved to dismiss his complaint in December of 2013, and despite our express direction to address this issue on appeal, Martin to this day has not specified any particular claim that he wishes to assert against any particular individual defendant.

Finally, we perceive no abuse of discretion in the District Court's denial of reconsideration. Although the District Court may not have addressed some of the issues that Martin raised in his various motions for extensions of time, those arguments did not state a basis for reconsideration for the reasons explained above.

## III.

For these reasons, we will affirm the judgment of the District Court. Martin's motions for leave to file an overlength brief and to withdraw his "all writs motion for

default of judgment" and "entry of judgment" are granted.  To the extent that Martin's filings in this Court can be construed to request additional relief, they are denied.